# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C.S., a minor, by and through T. ERIC SURMAN and LAURA SURMAN, her Parents and Natural Guardians, and T. ERIC SURMAN and LAURA SURMAN in their own right, [1] <br><br> Plaintiffs, <br><br> vs. <br><br> TARGET CORPORATION, and GLORIA SURMAN, <br><br> Defendants.[2] | Civil Action No. 11-244 |

## MEMORANDUM OPINION

I. INTRODUCTION

Once again, Defendant Target Corporation ("Defendant" or "Target") seeks to remove this case from the Court of Common Pleas of Allegheny County based on the doctrine of fraudulent joinder. (Docket No. 1). Target contends that Plaintiffs C.S., Laura and Eric Surman have improperly joined Defendants Gloria Surman, Donna Galetich, John Doe 1 and John Doe 2 in order to defeat this Court's diversity jurisdiction. (Docket Nos. 1, 8, 9, 12, 15). Plaintiffs have filed a motion requesting that the case be remanded back to the Court of Common Pleas. (Docket No. 7). Plaintiffs' Motion has been exhaustively briefed and oral argument was heard on March 10, 2011. (*See* Docket Nos. 1, 7, 8, 9, 10, 12, 13, 15). Upon consideration of the

---

[1] The Court hereby amends the case caption to conform to Local Rule 5.D.2, which requires that only initials of minor children be used. *See* W.D.Pa. LCvR 5.D.2.

[2] The Court notes that the employee-defendants are not included in the caption because Target initially removed only Plaintiffs' Amended Complaint. *See* §§ II, IV.B.2, *infra*.

1

parties' positions, and for the following reasons, Plaintiffs' Motion [7] is GRANTED and this matter is REMANDED to the Court of Common Pleas.

## II. BACKGROUND

Plaintiffs C.S., Laura and Eric Surman are all citizens of Pennsylvania. (Docket No. 1 at ¶ 7). Defendants Gloria Surman, Donna Gaelitch, John Doe 1 and John Doe 2 are also citizens of Pennsylvania. (Docket No. 7-1 at ¶ 3). Target is a citizen of Minnesota because it is a Minnesota corporation with its principal place of business in Minnesota. (*Id*. at ¶ 8). The parties are not completely diverse, thereby precluding this Court's exercise of jurisdiction based on diversity of the parties under 28 U.S.C. § 1332(a), absent proof of fraudulent joinder of the non-diverse defendants.[3] *See* 28 U.S.C. § 1332(a) (district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and, and is between ... citizens of different States."). Plaintiffs allege that C.S., a minor, was injured by a defective brown rectangular trunk manufactured and sold to them by Target.

This is Target's third attempt to remove the present products liability/negligence case to federal court. (*See* CA 10-461, Docket No. 1; CA 10-784, Docket No. 1; CA 11-244, Docket No. 1). The first removed action was voluntarily dismissed by Plaintiffs in favor of another state action arising from the same incident. (CA 10-461). The second action added a claim against Defendant Gloria Surman, C.S.'s grandmother and frequent babysitter, alleging that her negligence was a proximate cause of C.S.'s injuries. (CA 10-784). Target attempted to remove the second action to this Court; Plaintiffs sought a remand. (CA 10-461, Docket Nos. 1, 4). This Court summarily granted Plaintiff's motion and remanded the case, holding that "this Court lacks subject matter jurisdiction over this case under 28 U.S.C. § 1332 because complete diversity does not exist between the parties and Target has not met its burden to demonstrate that

---

[3] The parties do not dispute that the jurisdictional amount exceeds $75,000.00.

Defendant Gloria Surman has been fraudulently joined, *see e.g., In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848 (3d Cir. 1992); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108 (3d Cir. 1990); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)." (CA 10-784, Docket No. 13).

Shortly after remand, attorneys Maury Nusbaum, Esq. and Craig O'Conner, Esq. entered their appearances on behalf of Gloria Surman in state court. An Amended Complaint was filed by Plaintiffs on September 15, 2010 and Gloria Surman filed an Answer to same on October 28, 2010. (Docket Nos. 1, 1-4, 1-5). Plaintiffs continue to allege that Gloria Surman was negligent; she denies liability and has asserted a cross-claim against Target. (*Id.*). Discovery including depositions ensued. The depositions of Laura, Eric and Gloria Surman took place on February 1, and 2, 2011. (Docket Nos. 12-1, 12-2, 12-3). Gloria Surman and her attorneys were present for all of the depositions. (*Id.*). Subsequently, Plaintiffs filed their Second Amended Complaint. Gloria Surman remains a party to the litigation. In fact, the claim against her in Plaintiffs' Amended Complaint has been re-asserted in Plaintiffs' Second Amended Complaint, which remains unchallenged in state court. (Docket No. 7-1; *see also* G.D. 10-009693).

In its Notice of Removal, subsequent filings, and argument from counsel at the motion hearing, Target contends that the facts presented during the recent depositions demonstrate that Gloria Surman has been fraudulently joined. (Docket No. 1). The Plaintiffs once again dispute this allegation.

Plaintiffs' Second Amended Complaint also adds a negligence claim against three additional Defendants, who are alleged to be Pennsylvania citizens: Donna Galetich, store manager of the Cranberry Target store; John Doe 1, manager of the Toy Department of the Cranberry Target store; and John Doe 2, manager of the Storage and Organization Department of

3

the Cranberry Target store. (Docket No. 7-1). Plaintiffs maintain that these individuals breached a duty of care to Plaintiffs through their marketing of the brown rectangular trunk in store displays very near the children's toy section although the trunk was not suitable for use by children. (*Id*.). They claim that the location of the display in the store caused Laura Surman to purchase the trunk and use it to store her children's toys. (*Id*.).

### III. LEGAL STANDARD

Ordinarily, a defendant may remove a civil action from state court into federal court only when complete diversity of citizenship exists between the parties and the amount in controversy requirement has been met. *See* 28 U.S.C. §§ 1332(a), 1441; *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). However, removal of a civil action from state court into federal court can be predicated on fraudulent joinder. *In re Briscoe*, 448 F.3d at 215-16. "If the district court determines that the joinder was 'fraudulent' . . . the court can 'disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over the case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Id.* at 216 (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)).

A defendant is fraudulently joined if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985). In order to assert a colorable claim against a non-diverse defendant, the claims cannot be "wholly insubstantial and frivolous." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d. Cir. 1992). But, "'[i]f there is even a possibility that a state court would find that the complaint states a cause of action against [the non-diverse defendant], the federal court must find that joinder was proper and remand the case to state

court.'" *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983)).

In making this determination, "[a] district court must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Boyer*, 913 F.2d at 111. A district court may look beyond the pleadings to determine if jurisdiction is proper but cannot make a decision about the merits of the case because such a decision would "convert[] its jurisdictional inquiry into a motion to dismiss," or a motion for summary judgment. *Id.* at 111-12. Furthermore, a district court must not consider a plaintiff's motive for joining a defendant. *Abels*, 770 F.2d at 32.

In order to determine whether a defendant was fraudulently joined, "[a] district court must 'focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint.'" *Id.* at 851-52 (quoting *Steel Valley Author. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). In order to convince this Court that a plaintiff has fraudulently joined a non-diverse party, the defendant must overcome the "heavy burden of persuasion" placed upon defendants. *Steel Valley Author.* 809 F.2d at 1012. "It is logical that [a defendant] should have this burden, for removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *In re Briscoe*, 448 F.3d at 217.

IV.  DISCUSSION

    *A.  Propriety of Third Removal*

As noted, this is Target's third attempt to remove this case and its second attempt to remove it relying on the doctrine of fraudulent joinder. Plaintiffs argue that the present removal is procedurally improper given that the Court's prior remand order rejected Target's fraudulent

joinder theory as to the addition of Gloria Surman as a defendant. (Docket Nos. 7, 8, 13). In response, Target maintains that Third Circuit precedent permits subsequent removal given the present circumstances. (Docket Nos. 9, 12, 15). Indeed, the Court of Appeals has recognized that "the removal statute, 28 U.S.C. §§ 1441-52, does not categorically prohibit the filing of a second removal petition following remand," and, has noted that ""[i]f subsequent pleadings or conduct by the parties or various other circumstances brings a case that was not previously removable within the removal jurisdiction of the federal courts, a second notice of removal is permissible." *In re Diet Drugs*, 283 F.3d 220, n.8 (3d Cir. 2002) (citing *Doe v. Am. Red Cross*, 14 F.3d 196, 200 (3d Cir. 1993) and quoting 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3739, 495-96 (3d ed.1998)). Thus, the mere fact that a second (or third) notice of removal is filed does not appear to be dispositive.

As Plaintiffs point out, however, section 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise". 28 U.S.C. § 1447(d). This section generally precludes both a district court from reconsidering a remand order, *see Lee v. Carter-Reed Co., LLC*, Civ. A. No. 06-cv-1173, 2007 WL 81893, at *2 (D.N.J. Jan 9, 2007), and the Court of Appeals from reviewing a remand order on appeal, *see Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 613 (3d Cir. 2003). Here, Target filed a notice of removal alleging fraudulent joinder and the Court granted Plaintiffs' motion to remand, finding that Target had not met its burden to show that Gloria Surman was fraudulently joined. (CA 10-784, Docket No. 1). Then, after the Court's remand order was issued, Target neither challenged it in a motion for reconsideration nor via an appeal to the United States Court of Appeals for the Third Circuit. (*See generally*, CA 10-784). Instead, Target took discovery in state court in an attempt to develop a record supporting its earlier claim of fraudulent joinder and

6

then filed another notice of removal based on the same theory but relying on a larger factual record.

Target relies on *Doe v. American Red Cross* in support of its removal strategy. Admittedly, in *Doe*, the Court of Appeals stated that section 1447(d) does not preclude a subsequent removal if it is not based on the same grounds as the first petition. *Doe*, 14 F.3d at 200. There, the district court rejected the Red Cross's argument in its first petition for removal that its congressional charter conferred original jurisdiction in the federal courts. *Id*. In the interim, the Supreme Court held the opposite in a different case, *American National Red Cross v. S.G.*, 505 U.S. 247 (1992). The Red Cross removed the case again, citing the Supreme Court's decision as authority for the second removal. *Doe*, 14 F.3d at 200. The Court of Appeals found that the Red Cross's reliance on an intervening decision by the "highest court in the land" was not rehashing its original argument but advancing new and different grounds supporting removal. *Id*. In contrast, this case involves ordinary state law claims and Target has essentially advanced the same argument which was previously presented to the Court, i.e., that Gloria Surman has been fraudulently joined to defeat diversity jurisdiction. (Docket No. 1). Its current fraudulent joinder argument is simply repackaged to include additional factual evidence, which, as will be discussed below, does not support its position.

### B. Fraudulent Joinder

Target's argument as to the fraudulent joinder of Gloria Surman is essentially two-fold: (1) that the facts adduced through the deposition testimony on which it relies preclude any finding that Mrs. Surman owed a duty to her granddaughter and, thus, she could not be found negligent; and (2) that the procedural history of this and the related state and federal court cases as well as certain objections raised by Plaintiffs' counsel during the depositions present sufficient

evidence that the claim against Mrs. Surman will not be prosecuted in good faith. (Docket Nos. 1, 9, 12, 15). Target also contends that the recently filed Second Amended Complaint alleging claims against the non-diverse employee-defendants is a legal nullity and should be given no effect in determining whether its removal is proper. (*Id*.). After considering the parties' arguments and reviewing the entire record including all three of the previously referenced depositions, this Court finds that Target has not met its "heavy burden" of persuasion to demonstrate that the non-diverse defendants have been fraudulently joined.

i. Gloria Surman

With respect to the negligence claims against Gloria Surman, Pennsylvania law clearly permits a claim to be asserted against a babysitter including a grandparent for negligence based on an alleged failure to render babysitting services and/or to supervise an infant child. *See* RESTATEMENT (SECOND) OF TORTS §§ 316, 323 (1965); *Erie Insurance Exchange v. Muff*, 851 A.2d 919 (Pa. Super. Ct. 2004); *Berrier v. Simplicity Corp.*, 413 F.Supp.2d 431, 449-51 (E.D.Pa. Jun. 29, 2005), *vacated on other grounds*, 563 F.3d 38 (3d Cir. 2009). Plaintiffs' Amended Complaint and Second Amended Complaint[4] plainly state a colorable claim of negligence against Gloria Surman under this precedent.[5] (Docket Nos. 1-4, 7-1). Yet, Target suggests that the deposition testimony of Eric, Laura and Gloria Surman demonstrates that Gloria Surman did not owe a duty to her granddaughter. (Docket No. 10). In particular, Target highlights that Gloria testified that her duties as babysitter for the children did not commence until Laura exited the home. (*See* Docket No. 12-3, at 6, Deposition p. 18).[6]

---

[4] As set forth above, the Second Amended Complaint does not allege any additional facts in support of the claim against Gloria Surman, but only adds the claims against the employee-defendants. *See* § II at pp. 3-4.
[5] In the Court's view, Defense counsel admitted as much during the motion hearing.
[6] Specifically, Gloria Surman testified as follows:

8

This Court is precluded from conducting a dispositive inquiry in order to determine the liability, if any, of Gloria Surman. In fact, the Court need not delve deeply into facts supporting and/or disproving the negligence claim here. *Boyer*, 913 F.2d at 111-12. But, in this Court's estimation, Target takes an extremely narrow view of the duty potentially owed by Gloria Surman to her granddaughter in this case. It is not necessarily limited by the verbal agreement between Laura and Gloria Surman, as expressed by Gloria Surman in her testimony.[7] *See Berrier*, 413 F.Supp.2d at 449-51 (discussing a negligent supervision claim under Pennsylvania law).

Target also ignores disputed evidence in the record which bears on the duty, if any, owed by Gloria Surman. (*See* Docket Nos. 12-1, 12-2, 12-3). For example, it is unclear from the record before this Court where Laura was located during the "changing of the guard" from Laura to Gloria. Gloria admitted that Laura may have been upstairs during some of this time. (Docket No. 12-3, at 26, Deposition p. 98). Laura testified that she would have likely walked upstairs to shut off lights before exiting the home. (Docket No. 12-1 at 44-45, Deposition at 170-75). Given these circumstances, a court could find that Laura had entrusted her children to Gloria

---

> Q. Like, for example, when you would get to the house, for example, meet Laura, was it your understanding that from that moment it was your responsibility to watch the children?
> A. No.
> Q. What was your understanding?
> A. When she left for work I would take over. She was usually out, pulling out -- barely out the door by the time I got there, usually.
> Q. So was that, when you just gave me your understanding, was that something that you and Laura had spoken about?
> A. No.
> Q. Was that always the understanding?
> A. Yes, so far as I remember

(Docket No. 12-3, at 6, Deposition p. 18).

[7] Of course, Gloria Surman is a defendant in this lawsuit giving her an inherent bias subject to a credibility assessment by a jury. *See United States v. Gonzalez*, 155 Fed.Appx. 580, 582 (3d Cir. 2005) (quoting *United States v. Abel*, 469 U.S. 45, 52 (1984) ("[p]roof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony.")).

while she was upstairs. Hence, Gloria may have had a legal duty to supervise C.S. even though Laura remained in the home at the time of C.S.'s injuries. *See* RESTATEMENT (SECOND) OF TORTS §§ 316, 323 (1965). In fact, one could argue that both Laura and Gloria may have had a legal duty to supervise or care for C.S. under these circumstances. *Id*. Therefore, the Court finds that there is a "possibility" that a state court would conclude that the present facts support a colorable claim of negligence against Gloria Surman under the theories advanced by Plaintiffs. *See Boyer*, 913 F.2d at 111.

Target alternatively argues that the procedural history of this case and certain objections raised by Plaintiffs' counsel during the depositions of Laura, Eric and Gloria Surman infer that the claim against Gloria will not be prosecuted in good faith. (Docket No. 10 at 10-19). The Court disagrees with Target's position based on the evidence before it.

In support of this position, Target relies on the fact that Eric Surman testified that he did not have a factual basis to support the claim against his mother; that each of the Surmans testified that they maintain a good relationship with one another; and, that Gloria continues to babysit for the children. (Docket No. 12-2 at deposition pp. 44-5, 47-8, 49-50, 52, 55; 12-1 at deposition pp. 213, 216-17; Docket No. 12-3 at deposition pp. 72-75 ). However, as Plaintiffs point out in their response, Target's reliance on Eric's negative response to the question of whether he had a factual basis for the claim against his mother does not support its position because Eric was not present at the house when the accident involving his daughter occurred. (*See* Docket No. 13). He was at work. Thus, he could not personally offer any facts concerning the occurrence itself supporting the claim against Gloria Surman. (*Id*.).

The Court also notes, as it did at oral argument, that C.S. is one of the plaintiffs in this action. Her parents are prosecuting the claims against Gloria Surman on her behalf and in their

own right. Whether the family relationships are or are not disrupted, in this Court's estimation, has little to do with whether there is or is not a viable claim against Gloria Surman by C.S. and her parents.

Target also complains that Plaintiffs' counsel objected to questioning during their depositions about his clients' reasons for instituting the case against Gloria Surman. (Docket No. 10 at 10-19). The Court notes that defense counsel admitted during the motion hearing that Target did not move to compel answers to the deposition questions in state court prior to bringing its third notice of removal. However, in this Court's view, the objections may have been appropriate given that the questioning would likely evince responses encompassing the legal strategies recommended by Plaintiffs' counsel to his clients. *See Gillard v. AIG Ins. Co.*, --- A.3d ----, 2011 WL 650662, at *10 (Pa. Feb. 23, 2011) ("We hold that, in Pennsylvania, the attorney-client privilege operates in a two-way fashion to protect confidential client-to-attorney or attorney-to-client communications made for the purpose of obtaining or providing professional legal advice.").

In sum, the Court finds that Target has again failed to meet its burden to demonstrate that Gloria Surman was fraudulently joined. Accordingly, as the parties are not completely diverse, this Court lacks jurisdiction and the matter must be remanded to state court. *See* 28 U.S.C. § 1332(a) (district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and, and is between ... citizens of different States."); *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant.").

      ii.     <u>Employee-Defendants</u>

Even if this Court found Target's arguments as to the alleged improper joinder of Gloria Surman convincing, Target would also have to demonstrate that the Target employees added as Defendants, Donna Gaelitch, John Doe 1, and John Doe 2, were fraudulently joined in Plaintiffs' Second Amended Complaint. Once again, Target cannot meet its heavy burden to demonstrate fraudulent joinder of these defendants.

Initially, Target contests the validity of the Second Amended Complaint as being procedurally improper under the state court rules. (Docket No. 10 at 7-9). Again, given the legal standard on a motion to remand, this Court need not resolve this procedural dispute. Instead, the Court need only determine if a state court would "possibly" entertain the negligence claims against these defendants. *See Boyer*, 913 F.2d at 111.

As to Target's argument that their Second Amended Complaint is improper, the Court finds that Pennsylvania courts have held that a failure to object to a pleading under Rule 1033 can be waived. *See Vetenshtein ex rel. Vetenshtein v. City of Philadelphia*, 755 A.2d 62, 67 (Pa.Cmmwlth.Ct. 2000) ("neither obtaining leave of court or obtaining the filed consent of the defendant involves a matter of jurisdiction and can be waived by failure of opposing counsel to file preliminary objections for failure of the amended complaint to conform to the rules of court."). Target has not objected to the Second Amended Complaint in state court.[8] Therefore, it is possible that the state court would entertain the suit against the employee-defendants, despite the alleged procedural defect.

Pennsylvania law also permits a cause of action for negligence against a manager or corporate official arising from alleged misfeasance by that individual. *See Brooks v. Harley-Davidson Motor Co.*, Civil Action No. 08-4318, 2009 WL 2707558 (E.D.Pa. Aug. 24, 2009); *Rubino v. Genuardi's Inc.*, 10-6078, 2011 WL 344081, at *3-5 (E.D. Pa. Jan. 31, 2011). Here,

---

[8] Instead, it argues that it is enough to protest in federal court. (Docket No. 10 at 7-9).

Plaintiffs allege that the managers had a duty to warn customers of alleged defects in the trunk including that it was unsafe for use by children but that they breached the duty by placing the trunk near the toy section of the store and by not providing any warnings of the danger posed by the trunk to customers, including Laura Surman. (*See* Docket No. 7-1). Accepting the allegations in the Second Amended Complaint as true and resolving all factual and legal questions in Plaintiffs' favor, Target cannot meet its heavy burden to demonstrate to this Court that the negligence claims against the employee-defendants are wholly insubstantial or frivolous, as is required, to find that they were fraudulently joined.

For these reasons, Plaintiffs' motion to remand [7] is granted.

*C. Attorneys' Fees and Costs*

Plaintiffs have requested attorneys' fees and costs under 28 U.S.C. § 1447(c) for defending against the improper removal. (Docket No. 13). However, they have not presented the Court with any evidence substantiating their request for attorneys' fees and costs. Instead, the request was made in their reply brief rather than in a separately filed motion as is required by the Local Rules and this Court's Practices and Procedures. *See* LCvR 7.D; *Practices & Procedures of Judge Nora Barry Fischer*, at §§ II.K, VI.A, *available at:* http://www.pawd.uscourts.gov/Documents/Judge/fischer_pp.pdf (effective 3/23/10). And, despite substantial briefing and lengthy argument, Target has not specifically responded to Plaintiffs' request for attorneys' fees and costs.

Although this case is remanded to the Court of Common Pleas, this Court may retain jurisdiction over a request for fees under 28 U.S.C. § 1447(c). *See Siebert v. Northwest Bank Mn.,* 166 Fed.Appx. 603, 606 (3d Cir. 2006). Accordingly, the Court denies Plaintiffs' request for attorneys' fees and costs, without prejudice. To the extent that Plaintiffs continue to seek

attorneys' fees and costs, Plaintiffs shall file a motion in support of same on or before March 31, 2011.

V. CONCLUSION

Based on the foregoing, Plaintiffs' motion to remand [7] is granted. To the extent Plaintiffs request attorneys' fees and costs for defending against the improper removal, Plaintiffs shall file their motion on or before March 31, 2011. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Date:   March 16, 2011

cc/ecf:  All counsel of record